## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COLE GUNTER**, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>**THEMIS BAR REVIEW, LLC,**<br><br>     Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Cole Gunter ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, brings this class action lawsuit against Themis Bar Review, LLC ("Defendant" or "Themis") for violating the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff's claims emerge from Themis' practice of knowingly sharing consumers' personally identifiable information and viewed video media (collectively, "Personal Viewing Information") to third parties without authorization, including Meta Platforms, Inc. ("Facebook"). Plaintiff's allegations are rooted in personal knowledge as to himself and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      This class action suit is brought on behalf of all individuals that have a Facebook account and have bought test preparation services from themisbar.com (the "Website"), which is owned and operated by Themis.

2.     Plaintiff brings this action to address Defendant's conduct of knowingly sharing its users' personally identifiable information, including their video viewing activity, with Facebook without the users' consent.

3.     The Website uses first-party and third-party cookies and software development kits ("SDK"), pixels, Facebook's Business Tools, and other tracking tools to purposely record, transmit, and track subscribers' engagement with the Website.

4.     Themis knowingly installed and used tracking tools to control the data that was transmitted to third parties.

5.     Themis tracks and records consumers' viewed videos and shares the collected data and other personal identifiers with Facebook without its users' knowledge or consent.

6.     Importantly, when Themis transmitted Plaintiff and other consumers' Personal Viewing Information—i.e., their persistent Facebook ID ("FID") and viewed video content—that information was combined and sent to Facebook as one data point, thereby revealing the identity of the individual who viewed a specific video.

7.     Because an FID is used to identify a specific individual and their corresponding Facebook account, Facebook or any ordinary person can use it to locate, access, and view a particular digital subscriber's Facebook profile, thereby revealing their identity. Put simply, the information Defendant shares with Facebook reveals every video a subscriber has viewed.

8.     Plaintiff and similarly situated consumers were affected by Themis' unlawful conduct, which robs them of their right to privacy in their own homes, and the disclosures at issue reveal highly personal details regarding their specific viewing habits.

9.      Plaintiff brings this class action lawsuit for legal and fair remedies to rectify Themis' conduct and practice of purposely sharing its subscribers' Personal Viewing Information with Facebook and other unauthorized third parties in knowing violation of VPPA.

## JURISDICTION AND VENUE

10.      This Court has personal jurisdiction over Defendant because it transacts business in this District, has substantial aggregate contacts with this District, and maintains a principal place of business in this District.

11.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal Video Privacy Protection Act, 18 U.S.C. § 2710.

12.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this is a class action in which the aggregate amount in controversy exceeds $5,000,000, and at least one Class Member is a citizen of a state different from that of Defendant.

13.      A substantial per in this District pursuant to 28 U.S.C. §1391(c)(2) because a substantial part of the events or omissions giving rise to the claims occurred in or emanated from this District and Defendant maintains a principal place of business in this District.

## PARTIES

14.      Plaintiff Cole Gunter is an adult citizen of the United States and is domiciled in Chicago, Illinois.

15.      Plaintiff purchased and has maintained a Themis account since January 2023, which he has used to request and view video content on a regular basis since that time. Specifically, Plaintiff signed up at themisbar.com to prepare for the 2023 July Bar Exam. Plaintiff paid money for the videos he requested and viewed through his Themis account. Further, Plaintiff has maintained a Facebook account for approximately 13 years.

16.     During the time that Plaintiff has had a Themis account, he has used his Facebook account as well as his Themis account which he utilized to watch video content that Themis offered in preparation for his bar exam.

17.     Plaintiff's Personal Viewing Information was sent to third parties without authorization or consent each time he accessed Themis and watched video content.

18.     Plaintiff never consented or provided Defendant with express consent to share his Personal Viewing Information with Facebook or any other third party.

19.     Themis Bar Review, LLC was founded in Chicago, Illinois in 2008. Its primary office is in 320 W. Ohio St., Suite 4W, Chicago, IL 60654.

20.     Themis Bar Review, LLC is a professional training company specializing in online education and test preparation services that operates www.themisbar.com throughout the United States.

21.     Defendant provides subscribers with access to countless videos for the purpose of bar exam preparation.

22.     Themis offers bar preparation review for the cost of approximately $2,645 for a Full Bar Review Course and $2,945 for the LL.M. Advantage Course.

## FACTUAL ALLEGATIONS

### Background of the Video Privacy Protection Act

23.     The VPPA prohibits the knowing disclosure of a consumer's video rental or sale records without the informed, written consent of the customer in a form "distinct and separate from any form setting forth other legal or financial obligations."

24.     Under the statute, the Court may award actual damages (but not less than liquidated damages of $2,500.00 per person), punitive damages, equitable relief, and attorney's fees.

25.     In 1988, the VPPA was passed with the express purpose of protecting the privacy of individuals' and their families' video rental, purchase and viewing data. Before its enactment, members of the United States Senate warned that "[e]very day Americans are forced to provide to businesses and others personal information without having any control over where that information goes." S. Rep. No. 100-599 at 7-8 (1988).

26.     Concern and indignation were expressed over the non-consensual disclosure of consumers' video rental histories, describing the practice as a "pervasive form of surveillance" that improperly invades the lives of private citizens.

27.     The personal nature of such information, and the need to protect it from disclosure, is the inspiration of the statute: "these activities are at the core of any definition of personhood. They reveal our likes and dislikes, our interests, and our whims. They tell a great deal about our dreams and ambitions, our fears, and our hopes. They reflect our individuality, and they describe us as people." 134 Cong. Rec. S5399 (May 10, 1988).

28.     Technology is part of our lives now, more than ever, which means we need legislation that attends to the issues that arise with the evolution of technology.

**The VPPA Is Applicable to Themis' Practices**

29.     Themis provides test preparation tools by giving subscribers access to video content through its website.

30.     Defendant monetizes video content as part of the test preparation services it provides and consumers only have access to the content if they pay for one of Defendant's bar review courses.

31.     To access the Website, Plaintiff had to create an account on themisbar.com and purchase the bar review of his choice. In doing so, Plaintiff was required to provide personal information such as his name, email address, and account name.[1]

32.     When subscribers request or view videos on Themis' platforms, their Personal Viewing Information is transmitted to Facebook and other unauthorized third parties because of the tracking tools that Themis purposely installed and implemented – or permitted to be installed and implemented – on its website.

33.     Themis controlled its website and all the tracking technologies that it used to transmit Class Members' Personal Viewing Information to third parties without authorization.

34.     Facebook would not have received Plaintiff or other Class Members' Personal Viewing Information but for Defendant's decision to install and use Facebook's Business Tools, including the Facebook Pixel and Conversions API, and other tracking technologies on its website.

35.     Themis had control of which data was tracked, recorded, and transmitted when its subscribers viewed video content, and it could have anonymized the information and titles of the video content it hosts.

**Facebook and the Facebook Tracking Pixel**

36.     Facebook is a real identity platform, meaning that users are allowed only one account and must share the name they go by in everyday life. To that end, when creating an account, users must provide their first and last name, along with their birthday and gender.

37.     The Facebook Pixel installed on Themis' Website tracked, recorded, and sent Facebook its subscribers' granular Website activity, including the names of specific videos that subscribers viewed each time they used Themis' services.

---

[1] https://www.themisbar.com/privacypolicy#:~:text=Information%20is%20collected%20for%20business,in%20the%20CCPA)%20personal%20information.

38. The information Facebook receives identifies specific subscribers based on their unique and persistent FIDs, which are sent to Facebook as one data point alongside the title of the video content the specific subscriber requested or viewed.

39. Any ordinary person who comes into possession of an FID can easily use that information to identify a particular individual and their corresponding Facebook profile, which contains additional information such as the user's name, gender, birthday, place of residence, career, educational history, a multitude of photos, and the content of a Facebook user's posts.

40. Facebook received Plaintiff's Personal Viewing Information due to Themis' disclosing Plaintiff's data via the tools installed on Defendant's Website.

**Themis' Use of Tracking Tools**

41. Themis shares Personal Viewing Information that is not anonymized or redacted with Facebook and other unauthorized third parties.

42. When a subscriber requests or views a particular video, the specific title of the video is transmitted to Facebook alongside the subscriber's persistent and unique Facebook ID, thereby revealing their Personal Viewing Information to Facebook.

43. Subscribers are unaware that Themis is sharing their Personal Viewing Information with Facebook because Themis does not disclose this in its Privacy Policy. Rather, Themis' Privacy Policy only states that they "collect various information using different types of technologies." Some of the information includes "details of the queries you make, and the date and time of your request." As well as "technical data, which may include URL information, cookies, IP address, types of devices you are using to access or connect to our Service."[2]

---

[2] https://www.themisbar.com/privacy-policy#:~:text=Information%20is%20collected%20for%20business,in%20the%20CCPA)%20personal%20information.

44. Themis' Terms and Conditions do not disclose to consumers that it is Defendant's practice to share personal information with Facebook or other third parties. Nor did Themis furnish to or obtain written consent from Plaintiff or proposed Class Members in a form distinct and separate from any form setting forth other legal or financial obligations to disclose Personal Viewing Information to Facebook. This conduct plainly constitutes a violation of the VPPA.

## CLASS ALLEGATIONS

45. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action and pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), (b)(3), and/or (c)(4).

46. The Class is defined as: All persons in the United States who: (1) have a Themis account; (2) requested videos on Themis' platform; and (3) have a Facebook account (the "Class").

47. Excluded from the Class are Defendant, its past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case as defined in 28 USC § 455(b) and their immediate families.

48. **Numerosity.** Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable. Plaintiff believes that there are hundreds of thousands of Class Members widely dispersed throughout the United States. Class Members can be identified from Defendant's records and non-party Facebook's records.

49. **Typicality**. Plaintiff's claims are typical of the claims of Members of the Class. Plaintiff and Class Members were harmed by the same wrongful conduct in that Defendant caused their Personal Viewing Information to be disclosed to Facebook without obtaining express written consent in a form that comports with the VPPA's statutory requirements. Plaintiff's claims are based on the same legal theories as the claims of other Class Members.

50.     **Adequacy**. Plaintiff will fairly and adequately protect and represent the interests of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the Class. Plaintiff is represented by counsel with experience in the prosecution of class action litigation generally and in the emerging field of digital privacy litigation specifically.

51.     **Common Questions**. Questions of law and fact common to the Class Members predominate over questions that may affect only individual Members of the Class because Defendant has acted on grounds applicable to the Class. Such applicable conduct is inherent to Defendant's wrongful conduct. Questions of law and fact common to the Class include:

a.      whether Themis collected its subscribers' Personal Identifiable Information;

b.      whether Themis knowingly disclosed – and continues to disclose – its subscribers' Personal Viewing Information to Facebook, and any other unauthorized third party in violation of the VPPA;

c.      whether Themis' disclosures were committed "knowingly" under the VPPA;

d.      whether subscribers consented to Defendant's disclosure of their Personal Viewing Information in the manner required by 18 U.S.C. § 2710(b)(2)(B)—i.e., whether Themis complied with each of the VPPA's statutory consent requirements;

e.      whether Themis was unjustly enriched as a result of its disclosures; and

f.      whether Themis' conduct violates other privacy statutes referenced herein.

52.     **Superiority**. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not

9

practicably be pursued individually, outweighs potential difficulties in management of this class action.

53.    Plaintiff knows of no special difficulty to be encountered in litigating this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT
### 18 U.S.C. § 2710

54.    Plaintiff incorporates paragraphs 1 through 53 by reference as if fully set forth herein.

55.    Plaintiff brings this claim individually and on behalf of the Members of the proposed Class against Defendant.

56.    Defendant is considered "video service provider" because it has created, hosted, and delivered hundreds of videos on its Website, therefore, "engaging in the business, in or affecting interstate or foreign commerce, of rental or delivery of prerecorded video cassette tapes or similar audio-visual materials." 18 U.S.C. § 2710(a)(4).

57.    Plaintiff and Class Members are subscribers to the Website; therefore, they are "consumers" because they registered for test preparation courses and services via Defendant's Website. 18 U.S.C. § 2710(a)(1).

58.    Defendant shared Plaintiff and Class Members' Personally Identifiable Information with Facebook, which is an unauthorized third party.  Defendant used the Facebook Tracking Pixel to drive Plaintiff's web browser to share Plaintiff's Personally Identifiable Information, like his Facebook ID, along with Plaintiff's event data, including information about the videos he viewed.

59.     Plaintiff and the Class Members used Defendant's Website to watch videos.  In turn, Defendant intentionally disclosed Plaintiff's Personally Identifiable Information and video watching activity and used the obtained data to influence advertising on Facebook.

60.     Neither Plaintiff nor Class Members consented, either in writing or in any other way, to the disclosure of their Personally Identifiable Information or video viewing activity to third parties, including Facebook.

61.     Defendant's disclosures were not made in the "ordinary course of business" as is defined by the VPPA. Defendant's disclosures to Facebook were not essential for "debt collection activities, order fulfillment, request processing, or transfer of ownership." 18 U.S.C. § 2710(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a judgment against Themis, individually and on behalf of all others similarly situated, as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as class representative, and naming Plaintiff's attorneys as Class Counsel;

b.  For an order finding that Themis' conduct violates the statutes referenced herein;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For statutory damages, actual damages, nominal damages, and/or punitive damages in an amount to be determined;

e.  For an order awarding reasonable attorneys' fees, expenses, and costs of suit, as allowed by law.

f.  For prejudgment interest on all amounts awarded;

g.  For an order awarding restitution and all other forms of equitable monetary relief;

h.  For injunctive relief as pleaded or as the Court deems proper; and

i.  Such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself

and the proposed Class, demands a trial by jury on all issues so triable.

Dated: March 29, 2024                          Respectfully submitted

                                               /s/ Gary M. Klinger
                                               Gary M. Klinger
                                               **MILBERG COLEMAN BRYSON**
                                               **PHILLIPS GROSSMAN PLLC**
                                               227 W. Monroe Street, Suite 2100
                                               Chicago, IL 60606
                                               Tel:  866.252.0878
                                               gklinger@milberg.com


                                               Jonathan B. Cohen *
                                               **MILBERG COLEMAN BRYSON**
                                               **PHILLIPS GROSSMAN PLLC**
                                               3833 Central Ave.
                                               St. Petersburg, FL 33713
                                               (813) 699-4056
                                               jcohen@milberg.com

                                               *_(pro hac vice forthcoming)_